[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11543
Non-Argument Calendar

_____

D. C. Docket No. 05-00414-CV-KD

BARBARA MORRIS,

Plaintiff-Appellant,

versus

JOHN E. POTTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 22, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Barbara Morris appeals the district court's grant of the United States Postal Service's (USPS) motion for summary judgment on her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Morris raises two issues on appeal, which we address in turn.

I.

Morris first asserts the district court erred in granting summary judgment for USPS on her claims of racial and/or sex discrimination. Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2003). In reviewing Title VII claims of discrimination supported by circumstantial evidence, we use the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). Under that framework, the plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *Id.* at 1824. To establish a *prima facie* case of racial and/or sex discrimination, the plaintiff must show that (1) she belongs to a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her classification more favorably; and

(4) she was qualified to do the job. *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (considering racial discrimination).

The district court did not err in granting the USPS's motion for summary judgment because Morris failed to satisfy her initial burden of establishing a *prima facie* case of discrimination. *See McDonnell Douglas Corp.*, 93 S. Ct. at 1824*; Holifield*, 115 F.3d at 1562. While Morris established that she belonged to a protected class and suffered an adverse employment action, she failed to demonstrate that similarly situated employees were treated more favorably. *See Holifield*, 115 F.3d at 1562. We have noted in a disparate discipline case that "disciplinary measures undertaken by different supervisors may not be comparable for purposes of Title VII analysis." *Jones v. Gerwens*, 874 F.2d 1534, 1541 (11th Cir. 1989). Morris pointed to other employees who had worn open-toed shoes and evaded punishment; however, she did not establish that any of them were supervised by Billy Spence, the acting supervisor who dismissed her, or by Robert Johnson, the supervisor who previously instructed Spence to dismiss Morris if she wore open-toed shoes again. *See id.* Thus, Morris failed to make out the third prong of the *prima facie* case, and the district court did not err in granting the USPS's motion for summary judgment. *See Damon v. Fleming Supermarkets of*

*Florida, Inc.*, 196 F.3d 1354, 1357 (11th Cir. 1999) (reviewing the district court's order granting summary judgment *de novo*).

II.

Morris also contends the district court erred in granting summary judgment for USPS on her claim of retaliation. Title VII prohibits an employer from retaliating against an employee "because [the employee] has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this sub-chapter [of Title VII]." 42 U.S.C. § 2000e-3(a) (2003). The *McDonnell Douglas* burden-shifting framework applies to retaliation claims as well. *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 511 n.10 (11th Cir. 2000).

To establish a *prima facie* case of retaliation, the plaintiff must show that (1) she participated in protected activity; (2) she was subjected to an adverse employment action; and (3) the adverse employment action was causally connected to her protected activity. *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir. 2004). Regarding the third element listed above, we construe the causal link element broadly so "a plaintiff merely has to prove that the protected activity and

4

the . . . [adverse] action are not completely unrelated." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).

The district court did not err in granting USPS's motion for summary judgment because Morris failed to make out a *prima facie* case of retaliation. *See Damon*, 196 F.3d at 1357 (reviewing the district court's order granting summary judgment *de novo*). Morris established that she engaged in protected activity and suffered an adverse employment action, but she failed to demonstrate that the adverse employment action was causally related to her prior Equal Employment Opportunity Commission (EEOC) activity. *See Cooper*, 390 F.3d at 740. We have held "[a] plaintiff satisfies this element if [s]he provides sufficient evidence of knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse . . . action." *Higdon*, 393 F.3d at 1220 (internal quotations omitted).

Morris did not establish that Spence knew about her prior EEOC activity or that Johnson knew two of her EEOC complaints had been resolved in the months immediately preceding her dismissal. Morris, therefore, failed to provide sufficient evidence that her supervisors had knowledge of her protected expression. Furthermore, even assuming that Johnson knew about the filing of one or more of Morris's prior five complaints, none of the complaints was filed in the two years

preceding Morris's dismissal, so temporal proximity is lacking.  Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**